**Keith BARLOW, Plaintiff–Appellant,**

v.

**CASADO; et al., Defendants–Appellees.**

No. 03–16517.

D.C. No. CV–02–00718–RLH/LRL.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Keith Barlow, Indian Springs, NV, pro se.

Imran Auwar, Esq., Office of the Nevada Attorney General, Las Vegas, NV, for Defendants–Appellees.

Before GOODWIN, ALARCÓN, and WALLACE, Circuit Judges.

MEMORANDUM**

Nevada state prisoner Keith Barlow appeals pro se the district court's dismissal of his civil rights action against prison employees. We have jurisdiction under 28 U.S.C. § 1291. We review the grant of a motion to dismiss de novo, reviewing the district court's factual determinations for clear error. *See Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir.2003). We vacate and remand.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

The district court granted defendants' unenumerated Fed.R.Civ.P. 12(b) motion to dismiss for failure to exhaust administrative remedies. Barlow contends that the district court improperly shifted the burden to him to prove exhaustion of administrative remedies. We agree.

Defendants' only evidence in support of their motion was an affidavit from an administrative assistant stating that she was responsible for maintaining grievance files and she was unable to locate any grievances filed by Barlow. In opposition to defendants' motion to dismiss, Barlow submitted copies of grievances he had filed. The court assumed that Barlow established that he had lodged grievances with the prison, but granted dismissal because it found that Barlow offered no evidence that he completed the grievance process. However, it was defendants who had the burden to establish nonexhaustion. *See id.* at 1119. Defendants' affidavit, which was refuted by Barlow, was not sufficient to prove nonexhaustion. *See id.* at 1120.

Accordingly, we vacate the dismissal order and remand.

VACATED AND REMANDED.

---

\* The clerk shall correct the docket sheet to reflect that all defendants are appellees.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.